## APPEAL OF MRS. FRED W. GOODING.

Docket No. 3263.   Decided July 26, 1926.

1. JOINT RETURNS OF HUSBAND AND WIFE.—A return purporting to contain all of the gross income produced by or accruing to both husband and wife, although made in the husband's name only, is a joint return in accordance with the statute.

2. STATUTE OF LIMITATIONS.—The statute of limitations contained in section 277(a)(2) of the Revenue Act of 1924 and section 277(a)(3) of the Revenue Act of 1926, in respect to income-tax returns for the calendar year 1917, began to run on the day following the filing of the original return and its running can not in any way be affected or suspended by the later making of an amended return.

*Leslie J. Aker, Esq.*, for the petitioner.
*Thos. M. Wilkins, Esq.*, for the Commissioner.

Before ARUNDELL and LANSDON.

The Commissioner has determined a deficiency in income taxes for the year 1917 in the amount of $569.32.

### FINDINGS OF FACT.

The petitioner is a resident of the State of Idaho.

On March 5, 1918, Fred W. Gooding, husband of the petitioner, filed a joint income-tax return for the calendar year 1917, purporting to show the gross income and deductions of himself and wife. On May 2, 1921, separate amended returns were filed by petitioner and her husband in which the income for the year 1917 was reported on the community property basis.

The Commissioner reaudited the returns of the partnership of Fred W. Gooding & Son, Shoshone, Idaho, for the year 1917, and increased the inventory value of certain sheep and live stock owned by said partnership. By reason of such increase in the income of the partnership, the distributive shares of the partners were correspondingly increased. The proposed additional tax results from this adjustment.

On March 6, 1925, the Commissioner mailed to petitioner a deficiency letter, dated on that day, in which he determined a deficiency against petitioner in the sum of $569.32.

### OPINION.

ARUNDELL: The facts in this appeal are substantially identical with the facts set forth in the *Appeal of Mrs. D. Sydney Smith*, this day decided, *ante*, 385.   For the reasons set forth in the *Smith*

appeal we are of the opinion that the statute of limitations has run in this case and that the Commissioner is without authority to assess the proposed deficiency.

*Judgment for the petitioner.*